E. E. BROWN, Appellant, v. E. E. GRAY et al., Appellees.

**APPEAL AND ERROR: Dragnet and Indefinite Assignments.** The following assignments of error are too indefinite to raise any question:
   1. Those which assert that "the court erred in admitting in evidence each item and particle of testimony objected to by plaintiff."
   2. Those which assert error on the part of the court in sustaining objections to the testimony of a recalled witness, without reference to the record where such action may be found.
   3. Those which state abstract propositions of law, without reference to the *place* where such propositions were violated.

**EVIDENCE: Relevancy and Materiality.** Exhibit in the form of an assessment roll held, under the pleadings, relevant to an issue of partnership.

**PARTNERSHIP: Evidence—Absence of Formal Terms.** There may be a partnership, even though the words "partners" or "partner" or "partnership" are not used in the arrangement made by the parties; and, on request in such a case, it is error not to so instruct the jury.

*Appeal from Pottawattamie District Court.*—THOMAS ARTHUR, Judge.

DECEMBER 16, 1920.

THE controlling controversy is over the existence of a partnership. The verdict found there was no partnership, and plaintiff appeals.—*Reversed and remanded.*

*Kimball & Peterson* and *H. L. Robertson*, for appellant.

*Mayne & Green, Thomas Q. Harrison,* and *William Mulvaney,* for appellee.

SALINGER, J.—I. Proposition 5 contains this statement: "The court erred in admitting in evidence each item and particle of testimony objected to by the plaintiff over the objection of the plaintiff, and to which the plaintiff excepted. That the said admission of evidence was prejudicial error." This is utterly too general for consideration, and many of our decisions so hold.

1-a

One proposition is:

"The court erred in sustaining objections of the defendant to the testimony of plaintiff, Brown, called in rebuttal for further examination in chief, to further testify on the issue of estoppel, as presented by the issues in this action; that said matters of testimony had not been fully covered by plaintiff on his case in chief, because of misunderstanding; that, therefore, the lower court abused its discretion in refusing to permit plaintiff to testify; that the testimony was material, and the error of the court prejudicial; and that, though the power of the court in admitting such testimony is discretionary, the abuse thereof is a ground for reversal; and that the Supreme Court is more likely to interfere when a request to reopen a case for additional testimony has been denied."

1. APPEAL AND ERROR: dragnet and indefinite assignments.

Nowhere—at least nowhere in the propositions or in the error points—is it said in terms that such a request was made or was denied. If it exists in the record, proof of it may be found on some page or pages of the abstracts. We are not required to go through them to ascertain whether an assertion which makes no reference to pages of the abstract is sustained by the record. Therefore, and on the authority of *Wheeler v. Schilder,* 183 Iowa 623, we decline to give this point further consideration.

1-b

The same must be the rule in dealing with the sixth proposition, which is:

"A witness should not be asked to give his opinion or conclusion as to a matter which must ultimately be determined by the jury."

What witness was asked to do this? Where is the inquiry to be found? Only by searching the abstracts can we learn whether anyone was asked to do this thing, and what was done about it.

1-c

In like case is the abstract declaration of Proposition 10, as follows:

"When knowledge, belief, or intention is a material fact, the party may testify thereto, as any other fact."

And is likewise Proposition 7, that, if error in the admission of evidence appears, it must be affirmatively shown to be without prejudice, to warrant its being disregarded.

II. The plaintiff offered in evidence Exhibit G2. It is the assessment roll of L. Florine, signed and certified by him on February 17, 1914. It does not list any notes or loans to E. E. Gray, or to anyone. After Florine had iden-

2. EVIDENCE: relevancy and materiality.

tified this assessment roll, the same was excluded, on the motion of defendant, and under exception by plaintiff. The brief for appellee says nothing in explanation or justification of this ruling. It seems to us to have been relevant matter. It was admissible for whatsoever things present in or absent from it tended to show. We think it was a relevant fact that, in this verified statement to the assessor, Florine did not claim to have made any loans, nor to have any notes. It had some substantial bearing on what the true relations between Florine and Gray were,—whether debtor and creditor, or partner. It should not have been excluded.

III. Before the jury was instructed, defendant by motion induced the court to withdraw from the jury a plea of estoppel, based upon the claim that defendant had permitted himself to be held out as a partner. The ground of the motion was that there was not sufficient evidence to send that claim of estoppel to the jury. By instructions, the court repeated its said ruling on motion, and told the jury that said claim was not supported by sufficient evidence. The elimination of said issue is com-

plained of here. As there must be a reversal without reference to the propriety of said ruling and charge, and as we might not be agreed as to their propriety, we, under a rule well established in this court, decline to pass upon these complaints now.

IV. The plaintiff asked the court to charge that it was not necessary, in order to constitute a partnership, or to make the parties partners in the business referred to in the contract or arrangement, that the same should con-

3. PARTNERSHIP: evidence: absence of formal terms.

tain or use the words "partnership" or "partner" or "partners;" and that it was not "absolute that a firm or partnership name be adopted or used, and that that may be dispensed with by the parties, if they want to do so." The sole defense of the refusal seems to be the existence of the rule that we will not review action on instructions unless we have all the evidence before us, and that we do not have it, because an examination of the abstracts filed by appellant makes it clear that they do not contain the whole of the record. There is a presumption that they do. Nothing was done to rebut that presumption. This answers the only serious justification attempted. There is no claim that the equivalent was given. In strictness, we do not have to deal with the possibilities of an absence of evidence. What would be material to a justification of the refusal would be the *presence* in the agreement of the words "partner," "partners," or "partnership." The instruction was offered because these words were absent. Had they been present, there would have been no occasion to tell the jury what to do in their absence. As said, the material thing is their absence, and they were absent. In our opinion, the jury should have been told, as prayed, that this absence was not conclusive against the existence of the claimed partnership.

V. Under the rule of *Davis v. Hansen*, 187 Iowa 583, we shall not, on this appeal, pass upon the complaint of appellant that the jury was guilty of misconduct.

For the errors pointed out, the judgment must be reversed. —*Reversed and remanded.*

All the justices concur, except ARTHUR, J., who takes no part.