STATE OF OREGON,
*Respondent,*

*v.*

DUSTIN J. DICKENSON,
*Appellant.*

(83-05-1318-C; CA A29939)

680 P2d 1028

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Martha L. Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Defendant appeals the sentence on his first degree theft conviction. ORS 164.055. We affirm the conviction and remand for resentencing.

Defendant was charged with embezzling $6,333.62 from his employer. He pled guilty to first degree theft and was sentenced to 42 months of incarceration, with a 14-month minimum sentence. Execution was suspended, and defendant was placed on five years probation, subject to several conditions. The only condition relevant to this appeal provides that defendant pay restitution of $7,282.62, together with interest on the unpaid balance at the rate of 9 percent per annum, commencing on execution of the restitution order. The principal sum includes the amount embezzled, plus $949 for accounting services necessary to determine the full extent of defendant's theft.

■     Defendant assigns as error the imposition of interest.[1] He contends that a court's sentencing authority exists solely by statutory grants of power and that there is no statutory authority to impose interest as part of an order to pay restitution.

ORS 137.103 to 137.109 defines the full extent of a court's authority to order restitution. ORS 137.106(1) provides:

> "When a person is convicted of criminal activities which have resulted in *pecuniary damages,* unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim." (Emphasis supplied.)

ORS 137.103(2) defines pecuniary damages as:

---

[1] Defendant also challenges two other aspects of his sentence. First, he asserts that his mandatory minimum sentence is unconstitutionally disproportionate. His assertion is meritless. *See State v. Turner,* 296 Or 451, 676 P2d 873 (1984). Second, defendant contends that the order of restitution was entered improperly and that the trial court failed to make a determination of defendant's ability to pay. We are satisfied from a review of the record that this issue was given sufficient attention by the trial court. The order was properly entered.

"* * * all *special damages,* but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling." (Emphasis supplied.)

The order to pay interest was proper only if interest would be recoverable as special damages in a civil action based on the same facts that gave rise to this case. *See State v. Dillon,* 292 Or 172, 179, 637 P2d 602 (1981).

■　The most likely civil remedy for embezzlement is an action in conversion. In *Harris v. Cantwell,* 47 Or App 211, 215, 614 P2d 124, *rev den* 290 Or 149 (1980), we held:

"Special damages for loss of use are recoverable in a conversion action. *Preble et al v. Hanna,* 117 Or 306, 244 P 75 (1926); *Singer v. Pearson-Page Co.,* 58 Or 526, 115 P 158 (1911)."

Defendant's criminal acts deprived his employer of the use of its money. In a civil case, interest awarded as special damage representing loss of use is proper from the time of the offense until judgment is entered. Interest after the entry of a final "judgment or decree" is an appendage to a judgment, not special damages authorized under ORS 82.010(3), but a restitution order is not a final "judgment or decree" subject to ORS 82.010(3). As a condition of probation, the restitution order is modifiable by the court at any time. ORS 137.540(6). The restitution order borrows from civil law only in that it limits the type and amount of restitution to what could be recovered as special damages in a civil suit against the defendant. It is not a quasi-civil recovery device. It is an aspect of criminal law. *State v. Dillon, supra,* 292 Or at 179-80.

■　In this case, the interest on the restitution order was not special damage but was to commence on execution of the order. In the absence of an agreement to pay, interest must expressly be authorized by statute. *Mayer/Kleinknecht v. Bassett,* 263 Or 334, 348, 501 P2d 782 (1972); *Dowling v. Albany Planing Mill,* 238 Or 425, 431, 395 P2d 143 (1964). There is neither an agreement nor a statute authorizing the interest to be imposed. We conclude that the interest ordered

to commence on the execution of the restitution order was not authorized. Because we cannot determine what sentence the trial court would have imposed had it been aware that it could not allow interest on the amount of restitution ordered, we remand for resentencing.

Conviction affirmed; remanded for resentencing.