**STATE of Iowa, Appellee,**

v.

**Larry Tracy HAINES, Appellant.**

No. 84–128.

Supreme Court of Iowa.

Jan. 16, 1985.

James F. Fowler of Wilson, Goodhue & Fowler, Indianola, for appellant.

Thomas J. Miller, Atty. Gen., Mickey W. Greene, Asst. Atty. Gen., and John W. Criswell, Co. Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and SCHULTZ, JJ.

SCHULTZ, Justice.

Defendant Larry Tracy Haines appeals from the sentences imposed following his guilty plea to charges of going armed with intent and false imprisonment in violation of Iowa Code sections 708.8 and 710.7. The trial court imposed concurrent prison sentences on these charges, but suspended the sentences and placed defendant on probation. On appeal, defendant challenges that portion of the sentences that requires the defendant, as a term of probation, to reimburse Warren County for the cost of court-appointed attorney's fees associated with this case by paying cash or performing public service work.

Defendant was charged following a domestic dispute with his ex-wife. At the time of his arrest, defendant was an unemployed alcoholic. He had custody of one of his children, and his only income was a monthly welfare check. He was in arrears on child support payments to his wife and was unable to make full monthly payments on his mobile home.

At the sentencing hearing defendant presented evidence concerning his ability to reimburse the county for attorney's fees. He testified that he was not given notice that reimbursement might be required and maintained he was ignorant of that possibility. He raised constitutional and statutory objections to any requirement of such reimbursement.

At sentencing the court ordered, as a condition of probation, that "defendant may reimburse Warren County, Iowa, for the costs of his court-appointed attorney's fees by either paying cash for same or doing community service work and receive a credit for said costs and fees at the rate of $5.00 per hour of community service work." The issues on this appeal center on the validity and interpretation of our statutes concerning restitution by a criminal offender. The pertinent portions of those statutes found in Iowa Code chapter 910 are as follows:

910.1 (Supp.1983) Definitions. As used in this chapter, unless the context otherwise requires:

.   .   .   .   .

4. "Restitution" means payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution. Restitution shall also include the payment of court costs, court-appointed attorney's fees or the expense of a public defender, and the performance of a public service by an offender in an amount set by the court when the offender cannot reasonably pay all or part of the court costs, court-appointed attorney's fees or the expense of a public defender.

910.2 (Supp.1983) Restitution ordered by sentencing court. In all criminal cases ... upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities and, to the extent that the offender is reasonably able to do so, to the county where convic-

tion was rendered for court costs, court-appointed attorney's fees or the expense of a public defender when applicable. However, victims shall be paid in full before restitution payments are paid to the county for court costs, court-appointed attorney's fees or for the expense of a public defender. When the offender is not reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or the expense of a public defender, the court may require the offender in lieu of that portion of the court costs, court-appointed attorney's fees or expense of a public defender for which the offender is not reasonably able to pay, to perform a needed public service for any governmental agency or for a private, nonprofit agency which provides a service to the youth, elderly or poor of the community. When community service is ordered, the court shall set a specific number of hours of service to be performed by the offender. The judicial district department of correctional services shall provide for the assignment of the offender to a public agency or private nonprofit agency to perform the required service.

910.3 (1983) Determination of amount of restitution. The court shall require the ... clerk of court to prepare a statement of court-appointed attorney's fees, the expense of a public defender and court costs which shall be promptly provided to the presentence investigator. These statements shall become a part of the presentence report. If a defendant believes no person suffered pecuniary damages, the defendant shall so state. If the defendant has any mental or physical impairment which would limit or prohibit the performance of a public service, the defendant shall so state. The court may order a mental or physical examination, or both, of the defendant to determine a proper course of action. At the time of sentencing, the court shall set out the amount of restitution including the amount of public service to be performed as restitution and the persons to

whom restitution must be paid. This shall be known as the plan of restitution.

910.4 (Supp. 1983) Condition of probation—payment plan. When restitution is ordered by the sentencing court and the offender is placed on probation, restitution shall be a condition of probation. Failure of the offender to comply with the plan of restitution, plan of payment, or community service requirements when community service is ordered by the court as restitution, shall constitute a violation of probation and shall constitute contempt of court. The court may hold the offender in contempt, revoke probation, or may extend the period of probation in such circumstances.

Defendant appeals, asserting that: (1) the provisions of Iowa Code chapter 910 which permit recoupment of court costs and fees of court-appointed counsel violate state and federal constitutional provisions guaranteeing due process, right to counsel, and equal protection; (2) the trial court failed to comply with chapter 910 when ordering defendant to reimburse the county; (3) the trial court failed to exercise its discretion to determine whether defendant was reasonably able to pay; and (4) the trial court abused its discretion by ordering reimbursement.

*I. Constitutionality of sections 910.-1–.4.* Defendant attacks the constitutionality of sections 910.1–.4 on several grounds.

■ *A. Right to counsel.* The accused in a criminal prosecution is guaranteed the right to assistance of counsel. Iowa Const. art. I, § 10. Defendant asserts that allowing recoupment of court-appointed attorney's fees violates the guaranteed right to counsel by discouraging or punishing the exercise of this right. Defendant admits that recoupment of court-appointed attorney's fees as a condition of probation does not violate per se the sixth amendment to the United States Constitution and that few state courts have adopted the position that recoupment violates state constitutional provisions. In essence, defendant argues that the Iowa Constitution provides a greater guarantee of the right to counsel in

this situation than the United States Constitution.

We agree with the Supreme Court's statement that:

We live in a society where the distribution of legal assistance, like the distribution of all goods and services, is generally regulated by the dynamics of private enterprise. A defendant in a criminal case who is just above the line separating the indigent from the nonindigent must borrow money, sell off his meager assets, or call upon his family or friends in order to hire a lawyer. We cannot say that the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship.

*Fuller v. Oregon*, 417 U.S. 40, 53–54, 94 S.Ct. 2116, 2124–25, 40 L.Ed.2d 642, 654–55 (1974). A statute allowing recoupment of court costs and court-appointed attorney's fees as a condition of probation does not violate per se the right to counsel guaranteed in the Iowa Constitution.

Defendant also asserts that sections 910.-1–.4 violate the right to counsel guaranteed by the sixth amendment to the United States Constitution. The Court upheld a similar Oregon statute against a sixth amendment attack stating:

Oregon's recoupment statute merely provides that a convicted person who later becomes able to pay for his counsel may be required to do so. Oregon's legislation is tailored to impose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship.

*Fuller*, 417 U.S. at 54, 94 S.Ct. at 2125, 40 L.Ed.2d at 655. Like the Oregon statute the Iowa statute only authorizes the court to order the offender to make restitution of court costs and court-appointed attorney's fees "to the extent that the offender is reasonably able to do so." § 910.2. The key difference between the Oregon and Iowa statutes is that the Iowa statute states that "[w]hen the offender is not reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or the expense of a public defender, the court may require the offender ... to perform a needed public service." § 910.2. Thus, the court "may require" an offender to perform a public service, if he is not reasonably able to pay the court costs and court-appointed attorney's fees, only "to the extent he is reasonably able to do so"; this belies defendant's assertion that the statute mandates restitution, either in the form of direct payment or in the form of public service. An offender is given the opportunity to show "impairment which would limit or prohibit the performance of a public service." § 910.3. Public service is not mandated when an offender is not reasonably able to perform public service.

The Iowa statute provides further protection. The restitution plan is subject to modification by the court following a hearing. § 910.7. Keeping in mind the purpose of the statutes when read in conjunction, we interpret these statutes to provide a defendant required to perform public service work as a term of probation a means to obtain modification of an order specifying public service when circumstances dictate. Thus, if a probationer later becomes unable to meet the plan of restitution, a mechanism has been established to provide relief. Chapter 910 includes sufficient safeguards to overcome a sixth amendment challenge.

■ *B. Equal protection.* The fourteenth amendment to the United States Constitution prohibits states from denying persons equal protection of the laws. Defendant asserts that sections 910.1–.4 deny equal protection to indigents for whom counsel have been appointed who are later required to make restitution of attorney's fees as a condition of probation. Defendant bases this contention on *James v. Strange*, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972), in which the court invalidated a Kansas recoupment statute. The Kansas statute expressly stated that "[n]one of the exemptions provided for in

the code of civil procedure [for collection of other judgment debts] shall apply to any such judgment...." Kan.Stat.Ann. § 22.-4513(a) (Supp.1971); thus it "strip[ped] from indigent defendants the array of protective exemptions Kansas has erected for other civil judgment debtors...." 407 U.S. at 135, 92 S.Ct. at 2031, 32 L.Ed.2d at 607. The Court found that the Kansas statute "embodie[d] elements of punitiveness and discrimination which violate the rights of citizens to equal treatment under the law." *Id.* at 142, 92 S.Ct. at 2035, 32 L.Ed.2d at 611. The Court later upheld an Oregon statute which provided that the amount to be recouped would be docketed as a judgment in a civil action. *Fuller,* 417 U.S. at 47, 94 S.Ct. at 2121–22, 40 L.Ed.2d at 651.

Iowa's statute is different because the amount to be recouped is not treated as a judgment. In addition, the Iowa statute includes many protections which are not afforded a judgment debtor. First, before ordering restitution to the county, the court must consider the offender's ability to pay. § 910.2. Second, if the offender is not reasonably able to pay, the court may order community service "in lieu of that portion of the court costs, court-appointed attorney's fees, or expense of a public defender for which the offender is not reasonably able to pay." § 910.2. Third, when ordering community service, the court must consider the extent to which the offender is reasonably able to make restitution, including any impairment which would limit the performance of a public service. §§ 910.2–.3. Fourth, the plan of restitution and plan of payment are both subject to modification by the court. § 910.7.

Defendant asserts that he is treated differently than others who use the services of criminal lawyers. Because he was an indigent who accepted the services of court-appointed counsel and was ordered to make restitution of attorney fees as a condition of probation, the state can use sanctions, including contempt of court and extension of the length of probation, to recoup attorney fees. Defendant claims that the worst sanction that can be applied to a criminal defendant who privately retains counsel and does not pay is an action for recovery of fees. The defendant who has privately retained counsel could then avail himself of the remedies of a debtor, including discharge in bankruptcy. Defendant's argument is that he is placed in a class that is not treated equally when compared to others.

■ Equal protection in its guaranty that all people will be treated alike under like circumstances and conditions permits a state to pass laws applicable to persons within a class if such classification is reasonable and not arbitrary. *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973). Equal protection is not denied because in practice some inequality exists. *Id.* "[T]he classification will be upheld if any state of facts reasonably can be conceived to justify it." *Id.*

We hold that the targeted sanctions meet constitutional standards. Such sanctions are logical and rational. The purpose of the legislation goes beyond revenue recovery; it is designed to instill responsibility in criminal offenders. Responsibility is not synonomous with a right to avoid obligations. Sanctions are applied for willful violation of a court order, not merely to recover money. "Since an order to repay can be entered only when a convicted person is ... able but unwilling to reimburse the State, the constitutional invalidity found in *James v. Strange* simply does not exist." *Fuller,* 417 U.S. at 48 n. 9, 94 S.Ct. at 2122 n.9, 40 L.Ed.2d at 651 n. 9. With the safeguards and exceptions described, the indigent receives fair treatment. The provisions requiring reimbursement are based on a legitimate concern of the legislature, rehabilitation of the criminal defendant, and are permissible under the equal protection clause.

■ *C. Due process.* Defendant claims that the Iowa statute violates the due process provisions of the fifth amendment (we interpret this to be a fourteenth amendment claim) to the United States Constitution and article I, section 9 of the

Iowa Constitution because it is fundamentally unfair. More particularly, defendant objects because indigent criminal defendants are given no input into the selection of an attorney or the cost of legal services and because he was never given notice that he might be expected to pay for the attorney he was instructed would be provided for him at public expense. The statute upheld in *Fuller*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642, did not provide for notice or give criminal defendants input into these decisions; however, due process was not raised in that case.

"The test of whether due process has been violated is whether the challenged practice or rule 'offends some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental.'" *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674, 677 (1934), *overruled on other grounds, Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *Auxier v. Woodward State Hospital-School*, 266 N.W.2d 139, 142 (Iowa), *cert. denied*, 439 U.S. 930, 99 S.Ct. 319, 58 L.Ed.2d 324 (1978). The Iowa scheme insures that counsel is available to defendant at the time needed. Only after conviction and a determination that the criminal defendant is reasonably able to pay for the services of an attorney, despite his indigency at an earlier time, is the criminal defendant required to pay for the services of his attorney. This simply extends the concept of "if you are unable to pay for an attorney, one will be provided for you at public expense" to mean that an offender must be unable to pay throughout the proceedings in order to receive the services of counsel free. If an offender is not reasonably able to pay for the attorney's services, he may be required to perform a public service in lieu of the court costs and attorney fees, but public service is also limited to the extent the offender is reasonably able to perform it. § 910.2. It is not fundamentally unfair to recoup court costs and attorney fees from those indigents who are reasonably able to pay or to perform a public service. Defendant complains that he did

not receive notice he might be required to make restitution of attorney fees. Counsel was appointed to advise him of his legal position and his rights. We conclude there is no basic unfairness to defendant under this carefully devised plan which provides counsel for the indigent when needed and prescribes protective standards under which reimbursement may be ordered only after a hearing.

*II. Statutory violations and abuse of discretion.* Defendant urges the trial court erred by failing to follow statutory guidelines, failing to exercise discretion and abusing its discretion. We shall address these claims in order.

■ A. Defendant asserts that the court did not follow the procedures outlined in sections 910.2 and 910.3; thus, his sentences should be vacated, and the case should be remanded for resentencing. Defendant complains that: (1) the court did not fix the amount of restitution or community service hours, and (2) the court did not require the county attorney to prepare a pecuniary damages statement. §§ 910.2, 910.3.

Defendant's position requires a very rigid reading of sections 910.2 and 910.3. As defendant himself suggests, perhaps the court did not require a pecuniary damages statement because there were no pecuniary damages. In a similar vein, the court was unable to list a monetary amount of restitution or specify a number of hours of community service at a time in the court proceedings when the court did not have an attorney fee statement, and in fact, the attorney had not completed representation of defendant. In 1984, the legislature, by the enactment of H.F. 245, amended section 910.3 so the amount of restitution is to be set at sentencing "or at a later date to be determined by the court." 1984 Iowa Legis.Serv. No. 2 p. 70 (West). While the amendment does not directly affect this case, it may reflect the legislature's recognition and resolution of the problem. It is clear that the court must have the facts to determine the appropriate plan of restitu-

tion. Since this matter is remanded on other grounds, the court shall set a specific number of hours of service to be performed by defendant.

Defendant also complains that the court did not fix the length of his probation pursuant to Iowa Code section 907.7. Both the sentencing transcript and judgment entry clearly state the term of probation to be three years.

■ B. Defendant asserts that when the court ordered Haines to pay restitution in cash *or* do community service, the court failed to exercise its discretion to determine whether Haines was reasonably able to pay all or a part of his court-appointed attorney's fees. We agree.

The literal language of section 910.2 requires the court to first order restitution to the victim in full. Then, the court may order restitution to the county in whole or part for court costs and attorney's fees or public defender expense; however, restitution to the county is limited "to the extent that the offender is reasonably able to do so." When the offender is not reasonably able to pay, the court may order the offender to perform a public service. The court must determine whether the offender can reasonably pay all or part of such cost. The court is authorized to order public service in lieu of cash payments only in those cases when the offender cannot pay.

It is this "reasonably able to pay" standard which allows section 910.2 to withstand constitutional attack. *Fuller,* 417 U.S. at 54, 94 S.Ct. at 2125, 40 L.Ed.2d at 655. Moreover, we have held that the trial court has been granted discretion to determine whether an offender is reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or expense of a public defender. *State v. Harrison,* 351 N.W.2d 526, 529 (Iowa 1984). While the State's position that defendant has not been prejudiced by being given the option of paying cash or performing community service is certainly understandable, the statute does require the court to determine whether defendant is reasonably able to pay and to sentence accordingly. In failing

to exercise its discretion, the court has sentenced defendant in the alternative. A sentence in the alternative is defective because of uncertainty. 21 Am.Jur.2d *Criminal Law* § 543 (1981). Thus, the court erred by giving the defendant the option of paying cash or performing a public service. That portion of the sentences is vacated.

■ C. Defendant also asserts that the trial court abused its discretion in requiring maximum recoupment of attorney fees and costs, because of his poor employment record and financial obligations. We have indicated the provision for the option of cash or public service was wrong. Under the record here any requirement of payment of cash for reimbursement would be untenable or unreasonable and an abuse of discretion. *See State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982). Without repeating the facts, it is clearly apparent that defendant does not have the funds or means to pay restitution.

On remand, the trial court may require defendant to perform a public service as a term of probation. Before ordering public service, the court must consider the extent to which defendant is reasonably able to perform a public service. § 910.2. Clearly, performance of a public service may benefit defendant by strengthening his self-esteem and reestablishing good work habits.

In summary, defendant's sentences are affirmed except those provisions concerning restitution which are vacated. This matter is remanded to the district court to complete the sentencing concerning the plan of restitution.

AFFIRMED IN PART; SENTENCES VACATED IN PART; REMANDED.