STATE of Iowa, Appellee,

v.

Thomas William OGLE, Appellant.

No. 88–588.

Supreme Court of Iowa.

Oct. 3, 1988.

Paul T. Shinkle of Gottschalk & Shinkle, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., James Metcalf, County Atty., and Daniel Shuck, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, and LAVORATO, JJ.

PER CURIAM.

The defendant was originally charged with the following offenses: (1) theft in the second degree, (2) second-offense OWI, (3) operating a motor vehicle while his license was denied or revoked, and (4) operating a motor vehicle while his license was suspended under the financial responsibility law. *See* Iowa Code §§ 714.2, 321J.2, 321J.21, 321A.32. The defendant was allowed to plead guilty to third-degree theft, first-offense OWI, and driving with a license suspended under the financial responsibility law. The State dismissed the charge of driving with a revoked license.

The presentence report recommended concurrent suspended sentences with probation for two years. As a condition of probation, the report recommended that the defendant be ordered to reside in a residential facility for "six months or until maximum benefits have been achieved."

The court concurred with these recommendations and sentenced the defendant

accordingly. In his appeal, the defendant is challenging only the condition that he reside during probation at the First Judicial District Residential Facility for "six (6) months or until maximum benefits are achieved, whichever first occurs."

The defendant asserts that the district court abused its sentencing discretion with respect to this condition of probation on two grounds: (1) there was no evidence in the record to support the court's determination that the defendant's child could be cared for in his absence, and (2) the court should have allowed him to be treated with Antabuse in a substance abuse treatment facility. The defendant also asserts that the condition of probation precluded him from earning substantial out-of-state income during the construction season.

Our standard of review in matters of this kind is set out in *State v. Ramirez:*

> Granting probation is a matter of the trial court's broad discretion subject only to the statutory provision that the grant shall promote the rehabilitation of the defendant and the protection of the community. We will interfere only upon the finding of abuse of that discretion. Each decision must be made on an individual basis, and no simple factor is alone determinative.

400 N.W.2d 586, 590 (Iowa 1987) (citations omitted). Additionally, conditions of probation must not be unreasonable or arbitrary. *State v. Rogers,* 251 N.W.2d 239, 243 (Iowa 1977); *see also* Iowa Code § 907.6 ("Probationers are subject to ... any ... reasonable conditions which the court may impose to promote rehabilitation of the defendant or protection of the community.").

Guided by these standards, we think the district court did not abuse its discretion in imposing the challenged condition.

■ There is support in the record for the court's determination that the defendant's five-year-old child would have a caretaker available while the defendant is in the residential facility. The defendant and his former wife have joint custody of the child. Although the defendant testified the child resides with him eighty percent of the time, he conceded that the natural mother exercises visitation rights. Given these circumstances, the court could have reasonably believed the mother would care for the child in case of a dire emergency.

Additionally, the defendant's mother cares for the child when the defendant is at work. Presumably, she would also be available to care for the child while the defendant is in the residential facility, notwithstanding the defendant's testimony that she does not have the capability to care for the child on a permanent basis.

■ Finally, even assuming this record does not support the district court's determination, we are not inclined to hold that the defendant's caretaking responsibility as a parent overrides a sentencing court's responsibility to impose conditions of probation that promote rehabilitation and protect the community. Such circumstances might dictate the intervention of the juvenile court to protect the child.

■ We think the district court's decision not to order Antabuse treatment in a substance abuse treatment facility is also supported by the record.

The record is replete with past convictions involving alcohol. Moreover, the defendant admitted he had used Antabuse sporadically in the past. As the State argued, the district court could properly conclude that the defendant's past use of Antabuse had not been successful in preventing him from becoming intoxicated and from driving while under the influence.

In short, we do not think the district court acted improperly in rejecting a form of treatment that had obviously not been effective. As the defendant posed a threat to the community because of his willingness to drive while under the influence, the court was well within its discretion to reject the Antabuse option and to order the defendant to reside in the residential facility.

Nor are we persuaded that the condition was an abuse of discretion because it prevented the defendant from earning substantial out-of-state income. Probation is not meant to be painless. *Rogers,* 251

N.W.2d at 244. Here, the court tailored the probation condition to deter the defendant from further offenses, thereby contributing to his rehabilitation. The condition, as the court viewed it, also had the salutary effect of protecting the community. These considerations take precedence over the defendant's desire to come and go as he pleases, regardless of his motivations for doing so.

Finding no error, we affirm.

AFFIRMED.