STATE of Iowa, Appellee,

v.

Donald W. AKERS, Appellant.

No. 88–491.

Supreme Court of Iowa.

Jan. 25, 1989.

Robert M. Benton of Schooler, Stuyvesant & Benton, Carlisle, for appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and John W. Criswell, County Atty., for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

Donald W. Akers was charged with second-degree theft after he stole a pickup truck. He pleaded guilty and now challenges two aspects of the judgment entered against him: (1) the provision for ten percent interest on the restitution amount he was ordered to pay to the owner of the truck, which Akers had damaged in an accident; and (2) a "note" below the judge's signature in the court's judgment telling Akers to pay fines, surcharges, and costs with cash, cashier's checks, or money orders. Akers argues that the district court does not have the statutory authority to impose interest on restitution amounts. Regarding the "note," he contends that it should be stricken because it was allegedly placed there by the county attorney and not the presiding judge.

We agree that the district court did not have the statutory authority to impose interest on the restitution amount, but we see the "note" as a harmless, and perhaps useful, piece of information. Because the district court erred in imposing interest on the restitution amount, we modify its judgment by striking the interest provision. We affirm the judgment in all other respects.

## I. *Background Facts and Proceedings.*

Akers and another man stole a pickup truck from an Indianola resident in November 1987. Akers, the other man, and two juvenile runaways they had picked up were taken into custody by a Missouri state trooper after they were involved in an accident there.

Akers was charged in Iowa with second-degree theft, *see* Iowa Code §§ 714.1(1), 714.2(2) (1987), and he pleaded guilty. At the sentencing hearing, evidence was presented to show that the damage to the truck amounted to $3436.

The court's written judgment ordered Akers to pay the owner of the truck, within eighteen months, $3436 plus ten percent annual interest. At the end of the judgment, below the judge's signature, the following was included:

> NOTE: Fines, surcharges and costs are to be paid either with cash, cashier's checks or money orders and are payable to the Warren County Clerk of Court, Box 379, Indianola, Iowa 50125.

Akers now asks us to order the interest provision and the "note" stricken from the judgment. We review these aspects of the district court's judgment to correct errors of law. *State v. Owens*, 418 N.W.2d 340, 342 (Iowa 1988).

## II. *Interest on the Restitution Amount.*

Akers first argues that the district court had no power to impose ten percent interest on the restitution amount. He notes that interest is not included in the language of the restitution statute and contends that the inclusion in the statute of pecuniary damages, court costs, and attorney's fees must be construed to mean that interest is excluded.

The State maintains that the imposition of interest would be consistent with the legislative purposes behind the restitution statute, chapter 910. Further, according to the State, interest on restitution amounts is implicitly authorized by section 535.3, which concerns interest on judgments in general. In addition, the State, at oral argument, emphasized its contention that the imposition of such interest is authorized under a sentencing court's broad statutory discretion regarding an offender's probation.

We think that the statutes concerned with restitution, judgment interest, and probation do not give a sentencing court the power to impose interest on restitution amounts. Accordingly, we reverse that part of the district court's judgment.

■ A. *The restitution and judgment interest statutes.* Restitution is mandated by Iowa Code section 910.2 (1987) in "all criminal cases except simple misdemeanors under chapter 321, in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered." Section 910.1(4) defines "restitution" as

> payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution. Restitution shall also include the payment of court costs, court-appointed attorney's fees or the expense of a public defender, and the performance of a public service by an offender in an amount set by the court when the offender cannot reasonably pay all or part of the court costs, court-appointed attorney's fees or the expense of a public defender.

Section 910.1(2) defines "pecuniary damages" as

> all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium. Without limitation, "pecuniary damages" includes damages for wrongful death.

The other statute in question at this point, section 535.3, provides that

> [i]nterest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year.... The interest shall accrue from the date of the commencement of the action.

These sections, as a reading readily indicates, contain no explicit provision for the imposition of interest on restitution amounts.

Our ultimate goal in interpreting these sections is to determine legislative intent, considering language used in the statute, the objects sought to be accomplished, and the evils sought to be remedied. *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 195 (Iowa 1988) (citing *LeMars Mut. Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981)); *accord State v. Berry*, 247 N.W.2d 263, 264 (Iowa 1976). We think, for a number of reasons, that the legislative intent here was not to permit the imposition of interest on restitution amounts.

First, as Akers points out, we have said that "legislative intent is expressed by omission as well as by inclusion. The express mention of certain conditions of entitlement implies the exclusion of others." *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). We agree with Akers that the inclusion of pecuniary damages, attorney's fees, and other costs in the statutory definition of "restitution" indicates a legislative intent to exclude interest.

Interest is simply not one of the components of "restitution" under the statutory definition: it is not pecuniary damages, court costs, attorney's fees, the expense of a public defender, or public service. *See* Iowa Code § 910.1(4). As such, the sentencing court here should not have imposed it. The courts of other states have taken a similar view. *See People v. Engel*, 746 P.2d 60, 62–63 (Colo.App.1987) (imposition of interest on restitution amount was not proper because interest was not "pecuniary damages" under the restitution statute); *State v. Dickenson*, 68 Or.App. 283, 285–87, 680 P.2d 1028, 1028–29 (1984) (order to pay interest on restitution not proper because interest was not "special damages" under restitution statute).

This holding is consistent with the sound rule that penal statutes must be strictly construed, with any doubt resolved in favor of the accused. *See, e.g., State v. Ortega*, 418 N.W.2d 57, 58 (Iowa 1988). The United States Supreme Court, in addressing an issue similar to the one before us, has said that the "denial of interest on criminal penalties might well be rested on judicial unwillingness to expand punishment fixed for a criminal act beyond that which the plain language of the statute authorizes." *Rodgers v. United States*, 332 U.S. 371, 374, 68 S.Ct. 5, 7, 92 L.Ed. 3, 7 (1947). While restitution is not exactly the same thing as a fixed fine or penalty, we think the reasoning of *Ortega* and *Rodgers*, both of which counsel in favor of leaving the expansion of criminal statutes to the legislature, serves the present case well.

■ Next, we examine section 535.3. This section allows interest "on all money due on judgments and decrees." The issue here is whether restitution orders can be considered "judgments" or "decrees."

We have already addressed this issue under other circumstances. In *State v. Haines*, 360 N.W.2d 791 (Iowa 1985), a criminal defendant challenged on equal protection grounds the provision of our restitution statute that permits recoupment of the fees of court-appointed counsel. The appeal was based on a U.S. Supreme Court decision that struck down a Kansas recoupment statute. The Kansas statute explicitly referred to such restitution as a civil "judgment." According to the Supreme Court, the statute was unconstitutional because it " 'strip[ped] from indigent defendants the array of protective exemptions Kansas has erected for other civil judgment debtors.' " *Id.* at 795 (quoting *James v. Strange*, 407 U.S. 128, 135, 92 S.Ct. 2027, 2031, 32 L.Ed.2d 600, 607 (1972)).

Distinguishing the recoupment provision in our restitution statute, we said that "the amount to be recouped is not treated as a [civil] judgment." *Haines*, 360 N.W.2d at 795. We explained that our restitution statute gives the criminal offender certain protections that are not afforded a civil judgment debtor, including consideration by the court of the offender's ability to pay and the option of community service in lieu of cash payment. *Id.*

Following *Haines,* we think these distinctions indicate that the legislature did not intend restitution orders to be treated like civil judgments. Hence, restitution orders are not covered by the reference to "judgments and decrees" in section 535.3, and the imposition of interest on restitution amounts is therefore improper. *Cf. Dickenson,* 68 Or.App. at 286, 680 P.2d at 1029 (restitution was not a "judgment or decree" under judgment interest statute).

In addition, we note that section 535.3 refers to interest accruing from "the date of the commencement of the action." Such language seems to us to put the "judgments and decrees" of this section in the civil context, implicitly excluding criminal restitution orders.

Other considerations also convince us that we should not expand the coverage of section 535.3 to include interest on restitution amounts. "At common law, judgments do not bear interest." *Arnold v. Arnold,* 258 Iowa 850, 854, 140 N.W.2d 874, 877 (Iowa 1966); *accord* 47 C.J.S. *Interest & Usury* § 23, at 68 (1982) (citing *Arnold*); 45 Am.Jur.2d *Interest & Usury* § 59, at 56–57 (1969). The right to interest on judgments is, therefore, purely statutory. 47 C.J.S. *Interest & Usury* § 23, at 68–69 (citing *Arnold*); 45 Am.Jur.2d *Interest & Usury* § 59, at 57. Because such a right is in derogation of the common law, "it cannot be extended beyond the statutory regulations or limitations." 47 C.J.S. *Interest & Usury* § 23, at 68–69 (citing *Arnold*). In other words, statutes providing for interest on judgments must be strictly construed. *Id.* at § 25, at 72 n. 9; *see also Iowa Civil Liberties Union v. Critelli,* 244 N.W.2d 564, 568 (Iowa 1976) (statutory provisions do not repeal common law by implication unless the intention to do so is plain); 15A C.J.S. *Common Law* § 12, at 54 (1967).

These rules of law lead us to the conclusion that the imposition of interest on restitution amounts is not proper without explicit statutory authorization. Restitution in the criminal context is, itself, a creature of statute. As such, it would doubly violate the rule of strict statutory construction

to infer, first, that restitution is a "judgment" at all under section 535.3 and, second, that it is the type of judgment to which this section applies. As we have already said, we do not think that restitution is a "judgment" under section 535.3. *Cf. Dickenson,* 68 Or.App. at 286, 680 P.2d at 1029 (imposition of interest on restitution amount improper without express statutory authorization).

■ B. *Discretion regarding probation.* The State also argues that a sentencing court's discretion regarding an offender's probation allows the imposition of interest on a restitution amount, even without express statutory authorization. We disagree.

It is true that granting probation is a matter of the sentencing court's broad discretion. *State v. Ogle,* 430 N.W.2d 382, 383 (Iowa 1988). Probationers are subject to any reasonable conditions that the court may impose to promote rehabilitation of the defendant or protection of the community. Iowa Code § 907.6; *see also Ogle,* 430 N.W.2d at 383. We interfere with the sentencing court's decision only upon a finding of abuse of its discretion. *Ogle,* 430 N.W.2d at 383.

Sentencing courts did not always have this broad discretion to impose conditions of probation. Prior to 1973, Iowa Code section 247.20 (1971) only permitted a sentencing court to suspend the sentence and "grant probation to [the defendant] during good behavior."

In 1973 the legislature supplanted section 247.20 with Iowa Code section 789A.1, which provided in part:

> *Deferred judgment or suspended sentence-probation.*
>
> . . . .
>
> 2. By record entry at time of or after sentencing, the court may suspend the sentence and place the defendant on probation *upon such terms and conditions as it may require.*

*See* 1973 Iowa Acts ch. 295, § 1 (codified at Iowa Code § 789A.1 (1975)) (emphasis added).

In *State v. Rogers*, we looked upon the italicized language as granting the sentencing court great discretion to impose conditions of probation. We concluded that under this expanded authority, the sentencing court could impose an innovative probationary condition such as recoupment of court-appointed attorney's fees. 251 N.W.2d 239, 241–46 (Iowa 1977).

In 1976 the Iowa Legislature passed the new Iowa Criminal Code. As part of the massive overhaul of our criminal law, the legislature replaced the language "upon such terms and conditions as it may require" in section 789A.1 with the following provision:

> *Conditions of probation.* The court, in ordering probation, may impose any reasonable rules and conditions which will promote rehabilitation of the defendant and protection of the community. . . .

*See* 1976 Iowa Acts ch. 1245(3), § 705 (codified at Iowa Code § 907.6 (1979)). Iowa Code section 907.6 (1987) now provides substantially the same:

> Probationers are subject to . . . any reasonable conditions which the court may impose to promote rehabilitation of the defendant or protection of the community.

Although section 907.6 (1979) was not applicable in *Rogers*, we did look at it, and we said that it insured the same flexibility as section 789A.1. 251 N.W.2d at 242. We think section 907.6 in its present form is no less flexible.

After the passage of section 789A.1 in 1973, a sentencing court would presumably have had the power to use restitution in any reasonable manner, absent preemptive legislation on such use. *Cf. Rogers*, 251 N.W.2d at 241–46. At the same time the legislature passed section 789A.1, however, it also passed comprehensive legislation dealing with restitution as a condition of probation. *See* 1973 Iowa Acts ch. 295, § 8 (codified at Iowa Code § 789A.8 (1975)). The statutory definition of "restitution" has since been expanded, *compare* Iowa Code § 789A.8(1)(d) (1975) *with* Iowa Code § 910.1(4) (1987), and the provisions have otherwise been amended.

One aspect of the statutory provisions that has remained constant in its basic meaning is the legislature's intent to *mandate* restitution in criminal cases. *Compare* Iowa Code § 789A.8(2) (1975) ("[i]t is the policy of this state that restitution be made by each violator of the criminal laws to his victims") *with* Iowa Code § 910.2 (1987) (in all criminal cases of a certain type, "the sentencing court *shall* order that restitution be made by each offender to the victims"). We think that the legislature, with this forceful idea in mind, intended to limit the sentencing court's discretion regarding restitution. While the sentencing court does have broad discretion when fashioning other terms of probation, the very specific language of the restitution provisions indicates to us a legislative intent to preempt control of restitution by any considerations outside of the statutory provisions.

Because a sentencing court's discretion over the terms of probation does not include restitution, we cannot accept the State's argument that the court's discretion justified the imposition of interest on the restitution amount.

### III. *The "Note" Below the Judge's Signature.*

■ Akers also claims that the "note" below the judge's signature concerning the method of payment for "fines, surcharges and costs" was put there by the county attorney and should be stricken from the judgment. The State replies that the claim regarding the county attorney is not supported by reference to the record and that the "note," in any case, was simply intended to be informational, and not enforceable as part of the judgment. We agree with the State.

As the State points out, Akers did not support his claim regarding the county attorney with any reference to the record. We have said that we are "not required to go through [the appendix] to ascertain whether an assertion which makes no reference to pages of the [appendix] is sustained by the record. Therefore, . . . we decline to give [such an assertion] further

consideration." *Brown v. Gray,* 190 Iowa 252, 253, 180 N.W. 162, 163 (1920); *see also Mosher v. Snyder,* 224 Iowa 896, 899–900, 276 N.W. 582, 583–84 (1937).

We have examined both the appendix and the record, and can find no reference to the county attorney's involvement with the note. Further, as the State says, the information contained in the note is consistent with the provision for record-keeping and the collection of payments in Iowa Code section 910.9. In any case, Akers cites no authority that mandates striking this note.

Because Akers cites no such authority to support his argument, and because the note simply gives Akers information on the method of payment, we hold that the note should remain at the end of the judgment. The note is harmless at worst and, in fact, contains useful information.

### IV. *Disposition.*

Because the district court did not have explicit statutory authorization for the imposition of interest on the restitution amount, we modify the court's judgment by striking the interest provision. We affirm the judgment in all other respects.

It may seem to violate the "relative equities" of the case to hold as we have. *See Rodgers v. United States,* 332 U.S. 371, 373–74, 68 S.Ct. 5, 7, 92 L.Ed. 3, 6–7 (1947) (even in absence of express statutory mention of interest, court should consider the "relative equities" between the parties in determining whether interest is allowed). But the victim here may still pursue a civil action for interest, if he wishes. *See* Iowa Code § 910.8 (civil liability of offender not changed by restitution statute). Any change in the availability of interest on a restitution amount must be left to the legislature.

Regarding the "note" at the end of the judgment, to which Akers takes exception, we can see no reason for ordering it stricken.

AFFIRMED AS MODIFIED.