Argued and submitted December 7, 1987, reversed and remanded with instructions July 27, 1988

THORNE,
*Appellant,*

*v.*

GAY,
*Respondent.*

(86-264-L; CA A43317)

758 P2d 380

Philip Schradle, Assistant Attorney General, Salem, argued the cause and filed the brief for appellant. With him on

the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thad M. Guyer, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

On cross-motions for summary judgment, the trial court held that plaintiff[1] is collaterally estopped from asserting a civil claim against defendant for the recovery of unlawfully obtained unemployment insurance benefits and entered judgment for defendant. Plaintiff assigns as error the granting of defendant's motion for summary judgment and the denial of its motion. We reverse and remand.

On March 8, 1982, plaintiff issued an administrative decision that defendant had unlawfully obtained unemployment insurance benefits of $2,220, and was liable for that amount. Defendant did not seek administrative review of that decision. Subsequently, the Jackson County District Attorney initiated theft charges against him, and he was convicted of theft in the second degree. The trial court sentenced him to three and one-half years incarceration but suspended the sentence and placed him on probation. As a condition of probation, the court ordered him to pay $2,220 in restitution to plaintiff. Because defendant later showed that he was unable to pay the restitution, the trial court modified its order to allow him to perform community service in lieu of restitution. He completed approximately 720 hours of community service, and the trial court signed an amended restitution order on May 1, 1985, stating that his community service work satisfied the restitution obligation.[2]

In March, 1986, pursuant to ORS 657.310, plaintiff filed this action to recover the unlawfully obtained benefits.[3] The trial court held that plaintiff was collaterally estopped from bringing this civil action because of the determination in the criminal proceeding that the restitution obligation had been satisfied.

Under the doctrine of collateral estoppel, when an

---

[1] Plaintiff was the administrator of the Employment Division of the Department of Human Resources when this action was filed.

[2] The parties agree that the criminal trial court lacked authority to satisfy defendant's criminal restitution obligation by community service. ORS 137.128 authorizes community service as an alternative to incarceration, a fine or probation, but not as an alternative to restitution. Additionally, restitution can only be paid in money. ORS 137.103(3). The validity of the amended order, however, is not the subject of this appeal.

[3] Plaintiff sought only $1,799.36, because the agency had recovered $420.64 of the $2,220 originally overpaid.

issue of ultimate fact has been determined by a final judgment, the parties and those in privity with them are precluded from relitigating the issue in a later case. *State v. Ratliff,* 304 Or 254, 258, 744 P2d 247 (1987). However, in order for the estoppel to apply, the issue in both cases must be identical. The issues in the prior criminal case and in this case are not the same.

Restitution is a criminal sanction and is not intended to be the equivalent of a civil award. *State v. Dillon,* 292 Or 172, 179, 637 P2d 602 (1981). Unlike a civil recovery, the determination of the amount of restitution is not necessarily based on the full amount of damages, but takes into consideration the rehabilitative effect on the defendant, as well as the defendant's ability to pay. ORS 137.106(2). Further, ORS 137.109(1) specifically recognizes that the restitution statutes do not "limit or impair the right of a person injured by a defendant's criminal activities to sue and recover damages from the defendant in a civil action." We hold that plaintiff is not collaterally estopped from seeking reimbursement of the unlawfully obtained benefits.

Defendant argues that, even if plaintiff is not collaterally estopped from seeking recovery, ORS 137.109(1) requires that he be given credit for having satisfied his restitution obligation by the community service. ORS 137.109(1) provides: "[T]he court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in such civil action." However, defendant did not pay restitution to plaintiff and, therefore, he is not entitled to credit. The trial court improperly granted defendant's motion for summary judgment. The court also erred in denying plaintiff's motion for summary judgment because plaintiff was entitled to prevail as a matter of law. *State Bd. of Higher Ed. v. NW Pac. Indemnity Co.,* 69 Or App 456, 685 P2d 1026 (1984); *Cochran v. Connell,* 53 Or App 933, 939, 632 P2d 1385, *rev den* 292 Or 109 (1981).[4]

Reversed and remanded with instructions to enter judgment for plaintiff.

---

[4] In his answer, defendant admitted all the allegations in the complaint but raised affirmative defenses of collateral estoppel and accord and satisfaction. As we hold, collateral estoppel is not a valid defense. Accord and satisfaction is also not a viable defense, because defendant's civil liability to plaintiff could not be satisfied through community service work.