Joseph B. SPEER, Appellee,

v.

Daniel K. BLUMER, Appellant.

No. 91–232.

Supreme Court of Iowa.

April 15, 1992.

Kent A. Simmons, Davenport, for appellant.

Dennis D. Jasper of Stafne, Lewis, Jasper and Alexander, Bettendorf, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Daniel K. Blumer appeals from the district court's determination that plaintiff Joseph B. Speer's action was not barred by the applicable statute of limitations. *See* Iowa Code § 614.1(2) (1985). We affirm.

I. *Background facts and proceedings.* On August 25, 1986, defendant Blumer assaulted and injured plaintiff Speer. Criminal charges were brought against Blumer, and he eventually pled guilty to assault causing bodily injury. *See* Iowa Code § 708.2(2). On May 8, 1987, the district court sentenced Blumer to pay a fine of $300 plus court costs, to serve a jail term of thirty days, and to make restitution. *See* Iowa Code §§ 903.1(1)(b), 910.2. The court suspended Blumer's jail term and placed him on unsupervised probation. *See* Iowa Code §§ 907.3(2), 907.7. As a condition of probation, Blumer was ordered to pay the fine and costs and to make a restitution agreement. *See* Iowa Code § 907.6.

Orders were entered continuing the hearing to determine the amount of restitution Blumer owed to the victim Speer. *See* Iowa Code § 910.3. The criminal court finally conducted a hearing on January 27, 1989. During the hearing, however, the county attorney requested the criminal court to reserve Speer and Blumer's rights for adjudication in civil court. The county attorney's request arose out of Blumer's assertion that the assault upon Speer was not the cause of Speer's claimed back problems. Because the district court agreed that the issues raised could be better addressed in civil court, the court closed the criminal proceedings, discharged Blumer from unsupervised probation, and reserved whatever rights the parties had for future civil proceedings.

Roughly three months later, on April 7, 1989, Speer filed the present civil action against Blumer in an attempt to recover money damages for the injuries he sustained in the August 1986 assault. In his answer to Speer's petition, Blumer asserted as an affirmative defense that the applicable two-year statute of limitations had expired. *See* Iowa Code § 614.1(2). Blumer thereafter moved for summary judgment, contending that because Speer had not filed his petition until over two years after the assault, Blumer was entitled to judgment as a matter of law. *See* Iowa R.Civ.P. 237(c). After Speer responded to Blumer's summary judgment motion, the district court overruled the motion and allowed the case to proceed to trial. At trial to the court, where Speer was awarded a judgment for damages against Blumer, Blumer renewed his contention in a motion for directed verdict. The district court also overruled this motion.

Blumer appeals from both of these rulings, and we now consider the issues raised.

II. *Appeal from the summary judgment ruling.* Blumer contends the district court erred in overruling his motion for summary judgment which asserted that Speer's action was barred by Iowa Code section 614.1(2), a two-year statute of limitations. The record before the court at the time of its decision overruling the motion consisted of the pleadings, affidavits, and criminal court calendar entries. In reviewing the district court's ruling, we view the evidence in the light most favorable to the non-moving party to determine whether there is no genuine issue as to any material fact entitling the moving party to judgment as a matter of law. *See* Iowa R.Civ.P. 237(c); *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984).

The undisputed facts show that Blumer assaulted Speer in August 1986. Speer did not institute his civil action against Blumer until April 1989. This is over seven months after the applicable two-year statute of limitations on actions for injuries to the person ordinarily would have expired. *See*

Iowa Code § 614.1(2). However, Speer argues that the applicable two-year statute of limitations was tolled for roughly twenty months, from the time that Blumer was sentenced on May 8, 1987, until the time that Blumer was discharged from probation on January 27, 1989. Speer bases his argument upon Iowa Code section 910.8, which provides, in part, that

[t]he institution of a restitution plan shall toll the applicable statute of limitations for a civil action arising out of the same facts or event for the period of time that the restitution plan is effective.

Defendant Blumer argues that section 910.8 did not toll the statute of limitations because the district court never specified the actual "amount" of restitution that Blumer owed to Speer, despite the fact that the court had previously "ordered" Blumer to make restitution as a condition of his probation. *See* Iowa Code §§ 910.3, 910.4. Because we agree with Speer that the statute of limitations was tolled from the time that Blumer was sentenced in May 1987 until the time that he was discharged from probation in January 1989, we conclude that the district court did not err in overruling Blumer's summary judgment motion.

■ Iowa Code section 910.8 provides that "[t]he *institution* of a restitution plan shall toll the applicable statute of limitations for a civil action...." (Emphasis supplied.) The preamble to the most recent amendment to this section, which added the tolling language quoted above, provides that it relates to "the tolling of a statute of limitations when restitution is *ordered.*" *See* 1984 Iowa Acts ch. 1047, § 1 (codified at Iowa Code § 910.8 (1985)) (emphasis supplied). Based upon this language as an indication of legislative intent, we conclude that restitution is "instituted," for purposes of tolling the applicable civil case statute of limitations, when restitution is "ordered." Of course, a district court may set the actual "amount" of restitution either "[a]t the time of sentencing or at a later date to be determined by the court." *See* Iowa Code § 910.3.[1] However, a court

---

1. A recent amendment to section 910.3 allows a    court to issue a temporary order of restitution

need not set the actual "amount" of restitution at the same time that it "orders" restitution in order for the applicable statute of limitations to be tolled.

Indeed, if we were to conclude that the applicable limitations period is tolled only from the time that the actual "amount" of restitution is set, a criminal defendant would have every incentive to delay, until after the civil case limitations period has run, a criminal court's determination of the amount of restitution damages owed to victims of crime. Such a conclusion would of course be contrary to the policy of the restitution chapter, Iowa Code chapter 910, which is to protect the public by compensating victims of criminal activities and to rehabilitate criminal defendants. *See State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986). Such a conclusion would also force victims of crime to institute civil proceedings before the criminal court determines the actual "amount" of restitution. This of course is contrary to the purpose of the tolling provision of section 910.8, which is to avoid having two potentially conflicting actions proceeding at the same time.

▇ Because we believe that the applicable civil statute of limitations is tolled, pursuant to Iowa Code section 910.8, from the time that restitution is "ordered," we conclude that the two-year limitations period applicable to Speer's suit was tolled on May 8, 1987, when Blumer was sentenced and ordered to make restitution to Speer. We also conclude that the limitations period ceased to be tolled on January 27, 1989, when Blumer was discharged from probation and the restitution order was no longer effective. *See* Iowa Code § 910.8; *State v. Chase*, 451 N.W.2d 493, 495 (Iowa 1990) (restitution must occur only during authorized maximum probation period). Speer therefore carried his burden of proving that he commenced his civil action against Blumer within the period of untolled time after the assault occurred. *See* Iowa Code §§ 614.1(2), 910.8; *Brown v. Ellison*, 304 N.W.2d 197, 200 (Iowa 1981).

Accordingly, we conclude that the district court did not err in overruling Blumer's summary judgment motion.

III. *Appeal from directed verdict ruling.* At trial, defendant Blumer moved for directed verdict and dismissal, Iowa Rule of Civil Procedure 216, reiterating the assertion he made in his prior summary judgment motion. The district court overruled the motion. The court also overruled defendant's post-trial motion under Iowa Rule of Civil Procedure 179(b) which raised the same argument.

Based upon our review of the record, we conclude that the evidence before the trial court at the time of Blumer's motion for directed verdict was substantially the same as that which was before the court at the time of the ruling on Blumer's summary judgment motion. Accordingly, for the reasons outlined in the previous division of this opinion, we conclude that the court could properly find and conclude that plaintiff's action was not barred by the statute of limitations. Thus, the court did not err in overruling Blumer's directed verdict motion.

IV. *Disposition.* We hold that the district court did not err in overruling Blumer's motion for summary judgment and his motion for directed verdict because of our conclusion that the two-year limitations period was tolled from May 8, 1987, to January 27, 1989. Thus, it is unnecessary to discuss other contentions made by the parties. The case is affirmed.

AFFIRMED.

---

damages if the full amount of restitution cannot be determined at the time of sentencing, and later to issue a permanent, supplemental order

setting the full amount of restitution. *See* 1991 Iowa Acts ch. 219, § 30.