Tom **TEGGATZ**, Appellant,

v.

Joseph **RINGLEB**, Appellee.

No. 98–1149.

Supreme Court of Iowa.

April 26, 2000.

Raymond P. Drew of Drew Law Firm, P.C., Hampton, for appellant.

James Beres of Sween & Beres, P.C., Eldora, for appellee.

McGIVERIN, Chief Justice.

Plaintiff, Tom Teggatz, appeals a decision of the district court dismissing his petition against his former employee, defendant Joseph Ringleb, in which Teggatz sought to recover a judgment for money Ringleb stole while an employee of Teggatz. The district court concluded that the amount of restitution ordered in a related criminal theft prosecution against Ringleb, see Iowa Code § 910.2 (1997), precluded Teggatz from recovering additional damages from Ringleb in the later civil action.

Upon our review, we conclude that the amount of restitution ordered in the criminal case against Ringleb does not preclude plaintiff Teggatz from relitigating, in a later civil suit, the amount of damages he allegedly sustained as a result of Ringleb's criminal conduct. Accordingly, we reverse the decision of the district court and remand for further proceedings.

## I. Background facts and proceedings.

Plaintiff Tom Teggatz operates a car wash and laundromat in Hampton, Iowa. Defendant Joseph Ringleb was employed at Teggatz's business until April 1997 when he was terminated after Teggatz discovered that Ringleb had been stealing quarters from the car wash and laundromat business. During a related criminal investigation, law enforcement officers learned that on several occasions, Ringleb had taken large amounts of quarters to several banks in the area to receive currency, often in the form of $100 bills. Law enforcement officers also found $13,948 in quarters and $9,600 in bills in Ringleb's apartment.

Ringleb later pled guilty in a district court criminal case to second-degree theft, a class "D" felony, see Iowa Code §§ 714.1(1) and 714.2(2), concerning charges related to his theft of money from Teggatz.

After an evidentiary hearing in the criminal case, the court entered a ruling ordering Ringleb to make restitution to Teggatz in the amount of $22,261.56, as that was the amount of loss the criminal court found that Teggatz suffered as a direct result of Ringleb's criminal activity. The court also imposed a suspended prison sentence on Ringleb.

In addition, Teggatz filed a civil case petition at law against Ringleb in district court, seeking judgment for all the money Ringleb stole from him. Teggatz's civil action proceeded to trial. Teggatz presented evidence that numerous people in the community had informed him that since the date of Ringleb's conviction in the criminal case, Ringleb had been purchasing merchandise with a substantial amount of quarters. Based on this information, Teggatz contended that by reason of Ringleb's access to Teggatz's candy and vending machines during his employment, Ringleb stole at least another $5000 from Teggatz's business in addition to that determined by the criminal court in the restitution order. It is undisputed that plaintiff Teggatz has now received the $22,261.56 of restitution that was ordered by the criminal court.

The court in the present civil case concluded that the court in the criminal restitution case previously determined the amount of damages sustained by Teggatz as a result of Ringleb's criminal conduct and that the doctrine of issue preclusion therefore prevented Teggatz from recovering judgment for any additional amount from Ringleb in the civil suit. The court dismissed Teggatz's petition and entered judgment in favor of Ringleb.

After the district court overruled his Iowa rule of civil procedure 179(b) motion, plaintiff Teggatz appealed.

## II. Standard of review.

Our standard of review in this case is for correction of errors at law. *See* . Iowa R.App. P. 4.

## III. Plaintiff's civil claim for damages.

### A. The district court's decision.

The criminal court concluded that $22,-261.56 represented the amount of damages Teggatz suffered as a direct result of Ringleb's criminal conduct and ordered Ringleb to pay that amount to Teggatz as restitution. In ruling on Teggatz's present civil action against Ringleb, the district court sua sponte concluded that the criminal court's restitution order conclusively determined the amount of damages Teggatz sustained and therefore the doctrine of issue preclusion prevented Teggatz from recovering an additional judgment against Ringleb. In essence, the court concluded that the amount of restitution ordered in the criminal case precluded Teggatz from relitigating in the civil case the amount of damages he sustained as a result of Ringleb's criminal conduct.

■ On appeal, plaintiff Teggatz contends that under a plain reading of Iowa Code section 910.8, the district court erred in concluding that the doctrine of issue preclusion barred his right to recover additional damages in a later civil action against defendant Ringleb. Upon our review, we agree with Teggatz's contentions.

### B. Analysis.

1. We begin our analysis by examining the relevant provisions of Iowa Code chapter 910 concerning restitution. The legislature has decided that restitution shall be ordered in all criminal cases in which the defendant pleads guilty or is found guilty. *See* Iowa Code § 910.2; *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998). We

have explained that the purpose of the restitution statute is to protect the public by compensating victims of criminal activities and to rehabilitate criminal defendants. *Speer v. Blumer*, 483 N.W.2d 599, 601 (Iowa 1992); *accord State v. Blakley*, 534 N.W.2d 645, 648 (Iowa 1995).

Pursuant to Iowa Code section 910.1(4), restitution may include "payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution." Iowa Code § 910.1(4). "Pecuniary damages" are defined as follows:

> ... *all damages* to the extent not paid by an insurer, *which a victim could recover against the offender in a civil action arising out of the same facts or event*, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium. Without limitation, "pecuniary damages" includes damages for wrongful death and expenses incurred for psychiatric or psychological services or counseling or other counseling for the victim which became necessary as a direct result of the criminal activity.

Iowa Code § 910.1(3) (emphasis added).

We have said that the amount of restitution ordered in a criminal prosecution is not limited by the parameters of the offense for which the defendant enters a guilty plea. *Watts*, 587 N.W.2d at 751 (rejecting defendant's claim that dollar amount of the offense—$10,000 for second-degree theft—presumptively limits the amount of restitution that may be ordered); *accord Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993); *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989). Additionally, we have held that a validly entered and accepted guilty plea precludes a criminal defendant from relitigating essential *elements of the criminal offense* in a later civil case. *See Ideal Mut. Ins. Co. v. Winker*, 319 N.W.2d 289, 296–97 (Iowa 1982); *accord AID Ins. Co. (Mut.) v. Chrest*, 336 N.W.2d 437, 439

(Iowa 1983) (stating that entry of guilty "plea precludes relitigation in a subsequent civil action of all issues necessarily determined by the *conviction*") (emphasis added). We did not say in *Winker,* however, that the criminal restitution order precludes a *victim* from relitigating, in a later civil case, the *amount of damages* sustained by the victim as a result of the defendant's criminal conduct. Therefore, it was proper for Teggatz to offer into evidence in the civil case, Ringleb's criminal case file for purposes of establishing the elements of his civil action against Ringleb for money damages, but doing so did not preclude Teggatz from relitigating the issue of damages in the civil case.

2. Through enactment of Iowa Code section 910.8, the legislature has stated therein that an order requiring payment of restitution by a criminal defendant does *"not limit or impair the rights of victims to sue and recover damages from the offender in a civil action."* (Emphasis added.) Iowa Code section 910.8 further states:

> The institution of a restitution plan shall toll the applicable statute of limitations for a civil action arising out of the same facts or event for the period of time that the restitution plan is effective. However, *any restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event.*

(Emphasis added.) It is this section of chapter 910 that we must interpret.

■ Certain rules provide guidance in determining the meaning of a statute. For instance, if the terms of the statute are explicit, the plain meaning of the language will be applied. *State v. Jackson,* 601 N.W.2d 354, 356 (Iowa 1999); *see also Drahaus v. State,* 584 N.W.2d 270, 274 (Iowa 1998) (when text of statute is plain and its meaning clear, court will not search for meaning beyond express terms of statute or resort to rules of statutory construction). In such cases, we will simply give

effect to the statute as written. *Drahaus,* 584 N.W.2d at 274.

Upon our review, we believe that the district court's conclusion, that Teggatz's civil claim against Ringleb is barred by issue preclusion, conflicts with both the specific language and the purpose of Iowa Code section 910.8. We are convinced that the language of section 910.8, that "proceedings under [chapter 910] do not limit or impair the rights of victims to sue and recover damages from the offender in a civil action," is clear and unambiguous. We thus need look no further than a plain reading of the language of section 910.8 to determine that the amount of restitution ordered in the criminal case does not preclude Teggatz from relitigating the issue of damages in his present civil suit against Ringleb. While it might otherwise seem that Teggatz's civil action against Ringleb would be an appropriate case to apply the issue preclusion doctrine, the legislature has decided, by enacting section 910.8, that issue preclusion shall not affect a crime victim's civil remedies against a criminal defendant. We will therefore give effect to the statute as written. *See Drahaus,* 584 N.W.2d at 274.

3. We also point out that to adopt the rule now urged by Ringleb, that issue preclusion applies in this case, would in effect, render the tolling provisions of Iowa Code section 910.8 meaningless. *See Speer,* 483 N.W.2d at 601 (concluding that the applicable civil statute of limitation is tolled, pursuant to Iowa Code section 910.8, from the time that restitution is "ordered," and the tolling ceases when criminal defendant is discharged from probation and the restitution order is no longer effective). We said in *Speer* that the purpose of the tolling provision is to avoid having two potentially conflicting actions, the criminal case and civil case, proceeding at the same time. *Id.* The tolling provision would be unnecessary if the amount of restitution ordered in a criminal case precludes a victim's later civil suit for damages and our statements in *Speer* specifically contem-

plate the possibility that a civil suit may be brought by the victim.

■ 4. Our conclusion that Teggatz is not precluded from relitigating the issue of damages in his civil suit against Ringleb is further supported by the fact that there are notable differences between a criminal restitution proceeding and a civil action and by several policy reasons. First, the victim is not a party to the criminal restitution proceeding. This point raises the obvious concern that there may be disparities between the way the victim's interests are represented in the restitution proceeding and how those interests are represented in a separate civil action.[1] In the civil suit, for example, the victim, as plaintiff, has greater control over the course of the litigation. Another obvious difference is that the victim has no right to appeal the amount of restitution ordered by the criminal court. See 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 1791, at 362 (West Supp. 1997) (noting that a criminal case defendant can challenge a restitution plan ordered under chapter 910 by appeal, but that a dissatisfied victim, however, is not a party to the prosecution, and appeal is therefore not appropriate; certiorari is the proper remedy if the court has acted illegally); *accord Jackson*, 601 N.W.2d at 357 (stating that "Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition to district court for modification").

■ Additionally, we have said that the amount to be recovered under the Iowa restitution statute is not treated as a civil judgment. See *State v. Haines*, 360 N.W.2d 791, 795 (Iowa 1985); *accord State v. Akers*, 435 N.W.2d 332, 334 (Iowa 1989); *State v. Smith*, 99 N.C.App. 184, 392 S.E.2d 625, 626 (1990) (amount of restitution imposed as a condition of probation is not a legal obligation equivalent to a civil judgment); *State v. Hull*, 68 Or.App. 817, 683 P.2d 157, 157 (1984) (stating that "[r]estitution is not a form of civil recovery" and rejecting criminal defendant's claim that restitution was improper in connection with his theft convictions because victim-bank had obtained a civil judgment against him for its losses). This is because a criminal restitution court does not adjudicate the civil liability of the criminal defendant concerning any civil claims that may later be pursued by the victim. See *Thorne v. Gay*, 92 Or.App. 251, 758 P.2d 380, 381 (1988) ("Restitution is a criminal sanction and is not intended to be the equivalent of a civil award."); *Monson v. Carver*, 928 P.2d 1017, 1027 (Utah 1996) (restitution statutes are "entirely remedial" and purpose is "to compensate victims for the harm caused by a defendant and whose likely intent is to spare victims the time, expense, and emotional difficulties of separate civil litigation to recover their damages from the defendant"). We have also stated that a criminal court ordering restitution does not have authority under chapter 910 to impose interest on restitution amounts. See *Akers*, 435 N.W.2d at 337 (stating that victim may still pursue a civil action for interest under Iowa Code section 910.8 and noting parenthetically that the civil liability of the offender is not changed by restitution statute).

---

1. We recognize that in most cases, the victim's interests, concerning the amount of damages sustained as a result of the defendant's criminal conduct, will be adequately represented by the State in the restitution proceeding and therefore it may seem unnecessary to relitigate the issue of damages in a later civil suit. In some cases, however, through no fault of the State, the victim's interests may not be fully and adequately represented in the restitution proceeding. Therefore, instead of having to examine whether the State's representation of the victim's interests in the restitution proceeding was sufficient for purposes of a later civil action against the criminal defendant, we believe that the better approach is to adopt a bright line rule that the amount of restitution ordered in a criminal case does not preclude the victim from relitigating, in a later civil case, the amount of damages the victim sustained as a result of the defendant's criminal conduct.

Furthermore, an amount determined to be appropriate restitution will not necessarily be based on the full amount of damages sustained by a victim as a result of the defendant's criminal behavior. This is because a court ordering restitution must consider the rehabilitative effect on the criminal defendant as well as the defendant's ability to make restitution. *See* Iowa Code § 910.2 ("sentencing court shall order that restitution be made by each offender to victims of offender's criminal activities, ... to the extent that the offender is reasonably able to pay"). Therefore, unlike a civil damages award, the amount of criminal restitution ordered under chapter 910 may not always be based on the full amount of damages sustained by the victim. *See Haines*, 360 N.W.2d at 795 (noting that restitution statute gives criminal defendants protections, including the option of community service in lieu of cash payment, which are not afforded a judgment debtor); *accord State v. Hitchmon*, 678 So.2d 460, 462 (Fla.Dist.Ct.App.1996) (noting that because criminal court must consider financial resources of defendant in determining restitution, restitution award may be less than victim's claim for damages, but stating that restitution "statute is very clear that remedies of restitution and civil suit are not mutually exclusive"); *Thorne*, 758 P.2d at 381 (noting that unlike civil recovery, restitution amount is not necessarily based on full amount of damages because it takes into consideration rehabilitative effect on de-

fendant as well as defendant's ability to pay).

Because of the differences between a criminal restitution proceeding and a civil action, we do not believe a victim has had his or her day in court simply because the victim may have participated in the criminal restitution proceedings. Therefore, a victim should not be precluded from relitigating, in a later civil suit, the amount of damages allegedly sustained as a result of the defendant's criminal conduct.

Finally, we point out that the set off provision in Iowa Code section 910.8 disposes of any concerns that a victim will receive double recovery in a civil suit for damages sustained as a result of a defendant's criminal conduct.

Our conclusion does not mean that the plaintiff-victim will be entitled to damages in every later civil action. Damages may be denied either because of duplicate recovery or perhaps because of lack of proof concerning damages. Such a situation, however, is different from saying that a plaintiff-victim is precluded from relitigating the issue of damages in the later civil suit as a matter of law.

5. In summary, we conclude that under a plain reading of the language of Iowa Code section 910.8 and for the other reasons stated above, the amount of restitution ordered by the district court in the criminal case does not preclude Teggatz from relitigating, in this later civil suit, the amount of damages he sustained as a result of Ringleb's criminal conduct.[2] The

2. Other jurisdictions have concluded that the amount of restitution ordered in a criminal case does not preclude a later civil action for damages. *See Spircoff v. Stranski*, 301 Ill. App.3d 10, 234 Ill.Dec. 570, 703 N.E.2d 431, 434 (1998) (holding that criminal defendant's restitution payment of $25,000 to plaintiff-victims for defendant's misappropriation of funds from plaintiffs' business did not preclude plaintiffs from filing subsequent civil action against defendant to recover damages in excess of $25,000 already paid); *Benedick v. Mohr*, 233 Ill.App.3d 903, 175 Ill.Dec. 440, 600 N.E.2d 63, 67 (1992) (stating that amount of damages suffered by victim in civil case against former employee involved the same

issue of monetary loss that was determined in the restitution hearing, i.e., how much defendant stole from her employer; defendant was therefore collaterally estopped from relitigating issue of damages in civil case because any finding in the civil case different from the finding in the restitution case would result in inconsistent judgments and plaintiff was therefore entitled to summary judgment in civil suit); *Thorne*, 758 P.2d at 381 (holding that victim was not collaterally estopped from seeking reimbursement of unlawfully obtained unemployment benefits from criminal defendant in civil action even though criminal court had entered order stating that defen-

district court therefore erred in dismissing Teggatz's petition. That ruling is reversed and the case should be remanded for further appropriate proceedings.

## IV. Disposition.

The trial court did not reach the issue of whether Teggatz had proven that Ringleb had misappropriated more than $22,261.56 from Teggatz. Therefore, on remand, the trial court is directed to consider that issue, based on the existing record, and render an appropriate judgment thereon. We express no opinion as to the merits of that issue.

We conclude that the amount of restitution ordered in the prior criminal case against defendant Ringleb does not preclude plaintiff Teggatz from relitigating, in this later civil suit against Ringleb, the amount of damages Teggatz allegedly sustained as a result of Ringleb's criminal conduct.

Accordingly, we reverse and remand for further appropriate proceedings as above directed.

**REVERSED AND REMANDED WITH DIRECTIONS.**

All justices concur except LAVORATO, J., who takes no part.

---

dant had satisfied his restitution obligation by performing community service); *Moran v. Reed,* 175 W.Va. 698, 338 S.E.2d 175, 177 (1985) (concluding that neither collateral estoppel nor the doctrine of res judicata precluded a criminal victim's later civil suit against a defendant when the victim has been awarded criminal restitution).