# IN THE COURT OF APPEALS OF IOWA

No. 14-1779
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CAMERON COVERT FRANKLIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Crystal S. Cronk,

District Associate Judge.

        Cameron Franklin appeals from a restitution order.  **AFFIRMED.**

        William C. Glass, Keosauqua, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Timothy W. Dille, County Attorney, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Cameron Franklin appeals from the restitution order following her guilty plea to unauthorized use of a credit card. Franklin maintains the award should have been limited to the amount connected to the crime she pled guilty to—namely the $180 worth of withdrawals taken as part of the credit card fraud. In the alternative, she maintains substantial evidence does not support the amount of restitution ordered because the district court "deferred to the values claimed by the victims without corroboration of their testimony for accuracy." Because the amount of restitution is not limited by the parameters of the offense for which the defendant enters a guilty plea and because substantial evidence supports the amount of the restitution award imposed by the district court, we affirm.

**I. Background Facts and Proceedings.**

In October 2013, Franklin was charged by trial information with burglary in the third degree, operating a motor vehicle without the owner's consent, and credit card fraud.

On June 25, 2014, the State filed a statement of pecuniary damages. The State sought restitution in the amount of $6520 for Tami Evig and $1352 for Rebecca Hawley.

The next day, Franklin filed a petition to plead guilty to the charge of credit card fraud in exchange for the dismissal of the other counts. Regarding restitution, the petition provided that Franklin has been informed the State would recommend, "[v]ictim restitution, if any, in an amount to be determined through a restitution hearing."

On July 10, 2014, the district court accepted Franklin's guilty plea and entered judgment. Franklin was sentenced to a term of incarceration not to exceed two years with all but four days suspended. A restitution hearing was set for August 14, 2014.

At the restitution hearing, Evig testified about the items stolen from her and their values. Franklin did not object to or offer evidence to contradict the testimony. The court also admitted into evidence Evig's handwritten list of the items and their values based on the amount she purchased them for or comparison shopping she had done. She testified that items valued at more than $12,000 were taken from her home and she had received $5921.92 from insurance for the loss. Similarly, Hawley testified at the restitution hearing and provided a list of items stolen and their value. She testified that items totaling approximately $1360 were taken from her as well as $180 removed from her bank account without her knowledge. She had not received any insurance proceeds to offset the loss.

On September 22, 2014, the district court ordered Franklin to pay victim restitution in the amount of $5000 to Tami Evig and $1000 to Rebecca Hawley. Franklin appeals.

**II. Standard of Review.**

We review restitution orders for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order we determine whether the court's findings lack substantial evidentiary support, or

whether the court has not properly applied the law." *Id.* (internal quotation marks omitted).

**III. Discussion.**

Iowa criminal defendants who plead guilty or who are found guilty are required to make restitution "to the victims of the offender's criminal activities." Iowa Code § 910.2. To determine if restitution is required in any given case, the district court must first identify the victim(s) of the defendant's criminal conduct. *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). A victim is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5). Pecuniary damages are damages a victim could recover from the defendant in a civil action. Iowa Code § 910.1(3). Next, the district court must determine what losses may be included in the calculation of restitution. *Bonstetter*, 637 N.W.2d at 165. A restitution order may include any damages that are causally related to criminal activities, and the order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act. *Id.*

Franklin's argument appears to be twofold. Franklin first contends the district court erred because the amount of restitution ordered should have been limited to the amount connected to the crime to which she pled guilty. Our case law does not support her position. "[T]he amount of restitution ordered in a criminal prosecution is not limited by the parameters of the offense for which the defendant enters a guilty plea." *Teggatz v. Ringleb*, 610 N.W.2d 527, 529 (Iowa 2000); *see also State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989)

("Defendant argues that the restitution order must be limited by the parameters of the offense to which he entered his guilty plea, in this case $500. This view is at odds with our [case law]. Under these cases the order can be extended to any amount which would be appropriate for tort recovery."). The district court did not err by refusing to limit the damages to the crime for which Franklin pled guilty.

Franklin also contends substantial evidence does not support the amount of the restitution awarded because the district court "deferred to the values claimed by the victims without corroboration of their testimony for accuracy." Both victims testified about the items that were taken and the value of those items. They testified they had reviewed the price they paid for items they bought themselves and had researched similar items to establish values for items they had received as gifts or inheritance. Evig testified that more than $12,000 worth of property was removed from her home and insurance had paid her $5921.92. Hawley testified more than $1360 worth of her property was stolen and an additional $180 removed from her bank account with the use of her debit card. She had not received any insurance money. Franklin did not object to their testimony, nor did she offer any evidence to contradict their testimony. Thus, substantial evidence supports the district court's award of restitution in the amount of $5000 to Tami Evig and $1000 to Rebecca Hawley.[1] We affirm.

**AFFIRMED.**

---

[1] Little evidence was presented in respect to Evig's insurance claim. Ordinarily we would expect restitution to be fixed in the amount of the deductible, but certainly an owner can present evidence to support a larger award, although we recognize settlement of the insurance claim may serve to rebut a larger award. Here, there was no evidence presented of Evig's insurance deductible.