# IN THE COURT OF APPEALS OF IOWA

No. 16-1342
Filed May 17, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ROSE LEE BERANEK,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

Rose Beranek appeals from the judgment and the sentences imposed upon her guilty pleas. **AFFIRMED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Rose Beranek appeals from the judgment and the sentences imposed upon her guilty pleas to aggravated theft and possession of controlled substances, third and subsequent offense. The court imposed suspended sentences on both offenses, placed Beranek on the intermediate sanctions continuum, and required her to reside at a residential corrections facility. She argues the district court abused its discretion in requiring as the condition of probation that she reside at a residential correctional facility for the lesser of 365 days or until maximum benefits were achieved.

A sentence imposed within statutory limits is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Beranek argues that because she has custody of her two-year-old child, whose father is serving a prison term, it was an abuse of the court's discretion to require that she reside in a residential correctional facility. While we acknowledge Beranek's claim that the responsibility imposed upon Beranek's mother (with whom Beranek and the child have been residing) by the conditions of probation may pose a challenge, we cannot say the district court abused its considerable discretion here. The court considered Beranek's age, her "lengthy and various" criminal record, her prior probation revocations, and the need for structure to address her controlled-substance use. Beranek complains the court did not consider her family circumstances, but the record belies that claim. The court noted Beranek likely would be allowed "to pursue your employment, allow

you to pursue your education, and I believe they will arrange some sort of regular contact with your family, your children."

Furthermore, although Beranek's family circumstances is an appropriate consideration for sentencing purposes as provided in Iowa Code section 901.3(1)(a) (2016), the best interests of the children or family unit is not the purpose of a sentence. Rather, the court is to impose a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5; *see State v. Ogle*, 430 N.W.2d 382, 383 (Iowa 1988) ("[W]e are not inclined to hold that the defendant's caretaking responsibility as a parent overrides a sentencing court's responsibility to impose conditions of probation that promote rehabilitation and protect the community. Such circumstances might dictate the intervention of the juvenile court to protect the child."). Finding no abuse of discretion, we affirm.

**AFFIRMED.**